IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 1 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| ALAN BYRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-022-A |
| | § | |
| CHASE HOME FINANCE LLC and | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION
and
### ORDER

Before the court for decision is the motion of defendants,

Chase Home Finance LLC ("Chase") and Federal Home Loan Mortgage

Corporation ("Freddie Mac") (collectively, "defendants"), to

dismiss the complaint of plaintiff, Alan Byrd, for failure to

state a claim upon which relief may be granted.  After having

considered such motion, plaintiff's response, defendants' reply,

and applicable legal authorities, the court has concluded that

defendants' motion to dismiss should be granted.

I.

### Background

Plaintiff instituted this action by a pleading filed in the

District Court of Tarrant County, Texas, 348th Judicial District,

on November 8, 2010, against Chase and Freddie Mac as Cause No. 348-249244-10. Defendants removed the action to this court on January 7, 2011.[1] In defendants' motion to dismiss filed January 14, 2011, they argued, <u>inter alia</u>, that plaintiff's state court pleading failed to state a claim upon which relief can be granted because plaintiff merely recited the elements of each cause of action and asserted legal conclusions, but alleged no facts in support thereof.

In a September 23, 2011 order, the court stated its conclusion that the grounds of defendants' motion to dismiss were meritorious, but that plaintiff should be permitted to file an amended complaint. The court ordered that if plaintiff wished to pursue this action further, he file an amended complaint that alleges with particularity the facts supporting the essential elements of each theory of recovery he asserts against defendants. The court is now construing defendants' motion to

---

[1]The court has subject matter jurisdiction over plaintiff's claims against Freddie Mac by reason of 12 U.S.C. § 1452(f), which provides, in pertinent part, that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value." The court has supplemental jurisdiction, 28 U.S.C. § 1367, over all other claims.

dismiss to be directed against the first amended complaint plaintiff filed September 30, 2011 ("complaint").[2]

In the complaint, plaintiff alleged claims against either, or both, Freddie Mac and Chase for violations of section 392.301(a)(8) of the Texas Finance Code[3] (referred to in the Count One heading in the complaint as the "Texas Debt Collection Act," Compl. at 4) (Count One); for wrongful foreclosure (Count Two); for violations of the Texas Deceptive Trade Practices--Consumer Protection Act ("DTPA") (Count Three); for negligent misrepresentation (Count Four); for wrongful eviction (Count Five); and for removal of trustee's deed (Count Seven). Plaintiff sought statutory, actual, and exemplary damages, attorney's fees and costs, along with declaratory relief stating that defendants' actions violated the TDCA and DTPA, and injunctive relief allowing plaintiff to maintain possession and regain title to the property.

---

[2] Plaintiff's first amended complaint replaces in its entirety plaintiff's state court pleading. See Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978), vacated on other grounds by 444 U.S. 959 (1979) ("an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading").

[3] Plaintiff mentions section 392.403 in Count One, not as a cause of action but only as a definition of possible remedies. Compl. at 5, ¶ 16.

In summary, plaintiff made the following Background allegations in the complaint:

On July 28, 2003, plaintiff executed a note in the principal amount of $116,100, which was secured by a deed of trust to plaintiff's home in Grapevine, Texas.  The note and deed of trust named "as lender and/or beneficiary," id. at 3, ¶ 7, Pulsaki Mortgage Company, which under date of July 28, 2003, assigned the note and deed of trust to Chase Manhattan Mortgage.[4]  Counsel's examination as of September 30, 2011, of Tarrant County's public records "indicates no appointment of substitute trustee from or for Chase to appoint Kevin Key, the person who acted as substitute trustee in executing the Substitute Trustee's Deed of September 7, 2010."  Id., ¶ 9.  Prior to the September 7, 2010 sale, "the substitute trustees, including but not limited to Kevin Key, issued notices of substitute trustees sale as to the Loan and the Property, which notices were without capacity and void," id. at 4, ¶ 10, "hence invalidating all subsequent acts of

---

[4]There is no allegation in the complaint as to how or why defendant Chase Home Finance LC, as distinguished from Chase Manhattan Mortgage, became involved in ownership of the loan or enforcement of the deed of trust lien.  For that reason alone, plaintiff has failed to allege a factual basis for any claim against defendant Chase.

the therein name substitute trustees as to the Loan,"[5]  id., ¶ 4.

In conclusion, plaintiff alleges that "Chase threatened to

wrongfully foreclose via substitute trustee's sale" on

plaintiff's property.  Id., ¶ 12.

## II.

### Analysis

A.   The Rule 8(a)(2) Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standards of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests,

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted).  Although a complaint need

not contain detailed factual allegations, the "showing"

contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause

of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a

---

[5]The court has quoted the literal wording, misspelling and all, of the complaint to illustrate the
unintelligible and inconsistent nature of many of its allegations.

court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.  Iqbal, 129 S. Ct. at 1950.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient.  Twombly, 550 U.S. at 566-69.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950.

The court concludes that the allegations of the complaint fall short of the Rule 8(a)(2) standards, as they have been interpreted by the Supreme Court in Twombly and Iqbal.  The court agrees with defendants that the allegations in the complaint are nothing more than conclusory assertions that defendants harmed

6

plaintiff and that the complaint contains inadequate factual allegations to support the asserted claims or causes of action and is therefore insufficient to give defendants notice of plaintiff's claims against it.

B.   Applying the Standards to the Complaint

The court considers plaintiff's theories of recovery in the following order:  first, the claim of violations of the Texas Finance Code; next the claim of violations of the DTPA; next, the claim of negligent misrepresentation; next, the claim of wrongful foreclosure; next, the claim of wrongful eviction; and finally, the claim for removal of trustee's deed.

1.   The Texas Finance Code Claim

Plaintiff alleged in Count One in the complaint that defendants violated section 392.304(a)(8) of the Texas Finance Code, which defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin.

7

Code § 392.001(5).  Debt collectors[6] are prohibited from making

fraudulent, deceptive, or misleading representations concerning

"the character, extent, or amount of a consumer debt," id. at

§ 392.304(a)(8), and from "using any other false representation

or deceptive means to collect a debt or obtain information

concerning a consumer," id. at § 392.304(a)(19).

Plaintiff's Count One allegations are directed to a notice

of sale, stating that Chase "issued and/or posted notices of a

substitute trustee's sale for September 7, 2010, without having

given such notices to Plaintiff in a form and manner, and without

appointment of a substitute trustee in proper manner and form,

---

[6]Plaintiff equivocates in the complaint as to whether either defendant is a debt collector. Alleging once that "each Defendant may prove to be a 'third party debt collector' as defined by the Texas Finance Code," Compl. at 2, ¶ 2, and at another place that "Defendant Chase may prove to be a 'third party debt collector' as defined by Tex. Finance Code," id. at 3, ¶ 4.

failing thereby to comply with the requirements of Texas Property Code [sections] 51.002(b)[7] and 51.0025(2)[8]," Compl. at 4, and that Freddie Mac "threatened to take and did take an action prohibited by law" when it "sought possession of the Property, predicated on the unlawful acts of Chase," and "is chargeable with knowledge of such acts," id. at 4-5.

However, plaintiff does not allege factually any deficiency in the substance, form or manner of notice--such as the type of notice that was allegedly not provided, or whether some or all of the information was omitted in the notices.  He does not even allege that he did not receive notice.  His conclusory

---

[7] Section 51.002(b) states:
Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.
Tex. Prop. Code § 51.002(b).

[8] Section 51.0025(2) states:
A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if: . . . the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
> (A) the address of the mortgagee; or
> (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.
Tex. Prop. Code § 51.0025(2).

allegations are not sufficient to satisfy the Rule 8(a)(2) standards.

    2.   <u>The DTPA Claim</u>

Plaintiff alleged in Count Three that he was entitled to recover under the DTPA by reason of Chase's alleged violations of the Texas Finance Code.[9]  Inasmuch as, for the reasons stated above, the complaint does not satisfy the Rule 8(a)(2) standards as to its allegations concerning the Texas Finance Code, plaintiff's DTPA claim fails for the same reason.  Count Three lacks the slightest degree of factual specificity.

    3.   <u>The Negligent Misrepresentation Claim</u>

Plaintiff alleged in Count Four that:

> Defendant supplied false information for the guidance of others, specifically the Plaintiff, relying on the representations made in the servicing of the Loan including seeking to enforce the claimed security interest in spite of Defendant Chase's personnel having verbally assured Plaintiff in the three weeks preceding the September 7, 2010 that there would be no such sale.

Pl.'s Am. Compl. at 7, ¶ 31.  And that:

> Defendant Chase did not exercise reasonable care or competence in obtaining or communicating the incorrect information to Plaintiff in the servicing of the Loan as to the actions Defendant Chase was taking or not taking to enforce the lien of the Deed of Trust and/or whether or not the substitute trustees including

---

[9]The references in Count Three to the "TDCA," Compl. at 6-7, ¶¶ 25-28, apparently are intended to refer to a section or sections of the Texas Finance Code.

Kevin Key actually had the legal capacity at the relevant times to threaten to enforce the lien of the Deed of Trust as to the Property.

<u>Id.</u>, ¶ 32.

Under Texas law, a claimant alleging negligent misrepresentation must establish the following:

[P]laintiff[] must prove that (1) the defendant made a representation in the course of his business, or in a transaction in which he had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

<u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 318 (5th Cir. 2002) (unpublished) (citations omitted).

As to Freddie Mac, plaintiff has alleged none of the requisite elements of a negligent misrepresentation claim. As to Chase, plaintiff has insufficiently alleged the last element of a misrepresentation claim, justifiable reliance. Additionally, plaintiff has not alleged sufficient facts from which the conclusion could be reached that defendants failed to exercise reasonable care or competence in obtaining or communicating information to plaintiff. Furthermore, plaintiff has failed to show that the alleged misrepresentation--"that there would be no such sale," Compl. at 7-8--is one of existing fact, rather than a promise of future conduct. <u>See</u> <u>BCY Water Supply Corp. v.</u>

Residential Invs., Inc., 170 S.W.3d 596, 603 (Tex. App.--Tyler

2005, pet. denied).  As a promise of future conduct, the

statement would not be actionable as a negligent

misrepresentation claim.  Id.  Thus, plaintiff has not pleaded

sufficient facts to state a claim for negligent misrepresentation

against Chase or Freddie Mac.

 4. The Wrongful Foreclosure Claim

 The heading with Count Two of the complaint indicates that

Count Two is an attempt to plead a wrongful foreclosure claim.

To state a claim for wrongful foreclosure, a plaintiff must show:

"(1) a defect in the foreclosure sale proceedings; (2) a grossly

inadequate selling price; and (3) a causal connection between the

defect and the grossly inadequate selling price."  Sauceda v.

GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi

2008, no pet.).  In a "wrongful foreclosure" claim, it is not

enough to merely show a defect in the foreclosure process; the

plaintiff must also show that an inadequate sales price resulted

from the defect alleged.  See Amer. Sav. & Loan Ass'n of Houston

v. Musick, 531 S.W.2d 581, 587 (Tex. 1975) (holding that "[t]here

must be evidence of irregularity, though slight, which . . .

caused or contributed to cause the property to be sold for a

grossly inadequate price").

Needless to say, plaintiff has failed to make factual allegations in support of the essential elements of a claim of wrongful foreclosure.  In fact, the allegations of Count Two are but conclusory allegations that reassert conclusory claims that the court has found inadequate when alleged in support of other counts of the complaint.  Therefore, the Count Two allegations fail to state a claim of wrongful foreclosure upon which relief can be granted.

    5.   The Wrongful Eviction Claim

Count Five purports to be a wrongful eviction claim.  No facts are alleged that would support a conclusion that there was a wrongful eviction.  Instead, the allegations could not be more conclusory, starting out with an assertion that "Freddie Mac obtained a writ of possession to the Property based on the improper conduct of Defendant Chase."  Compl. at 8, ¶ 36.  Then, plaintiff concludes with the conclusory assertion that "[s]uch forcible detainer proceeding and eviction were unlawful . . . ."  Id, ¶ 37.  To the extent plaintiff incorporates allegations made in other parts of the complaint, those allegations are insufficient for reasons already given in this memorandum opinion.  Plaintiff has failed factually to allege any element of a wrongful eviction claim.  The allegations do not factually describe the nature of any alleged "improper conduct"

and "unlawful activity" or explain how "such forcible detainer proceeding and eviction were unlawful."  For the reasons stated, plaintiff's wrongful eviction count does not satisfy the Rule 8(a)(2) pleading standard.

     6.  <u>The Claim for Removal of Trustee's Deed</u>

     The Count Seven claim for removal of trustee's deed appears to be nothing more than a definition of one of the forms of relief plaintiff would expect to receive if he had properly pleaded and proved one of his causes of action.  Inasmuch as he has not properly pleaded any cause of action, plaintiff has failed to state any basis for a claim that the trustee's deed should be removed.

C.  <u>Conclusion</u>

     For each of the reasons mentioned above, the court concludes that none of the counts of the complaint states a claim upon which relief may be granted, and that, therefore, defendants' motion to dismiss should be granted.

III.

<u>Order</u>

     The court ORDERS that all claims and causes of action

asserted by plaintiff against defendants be, and are hereby,

dismissed.

SIGNED October 3*1*, 2011.

_____
JOHN McBRYDE
United States District Judge